UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JANET MADDEN, as Power of Attorney for Leonard Horcher, incapacitated, ) ) ) Plaintiff, ) ) V. ) ) BEREA HEALTHCARE, LLC, et al., ) ) Defendants. ) | Civil Action No. 5: 23-223-DCR **MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Janet Madden, holding a power of attorney for Leonard Horcher, filed this medical negligence action against Defendants Berea Healthcare, LLC, together with its parent company Philipson Family Limited Liability Company ("Philipson LLC"), and others, on July 21, 2023. [Record No. 1] Plaintiff Madden contends that the nursing standard of care was breached while Horcher was a resident at the long-term care facility, Berea Healthcare, which is incorporated in Kentucky. She further claims that Philipson LLC, a New York-based entity, "owned, operated, managed, controlled, and/or provided services to Berea Health and Rehabilitation." [*Id.*]

Philipson LLC has filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and 81(c)(2)(C). [Record No. 12] The motion will be granted for the reasons outlined below.

**I. Legal Standard**

A plaintiff bears the burden of establishing that jurisdiction exists against a defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In the event the parties have

neither conducted jurisdictional discovery nor petitioned the Court for an evidentiary hearing, a plaintiff "must make only prima facie showing that personal jurisdiction exists . . . to defeat dismissal." [*Id.*] In this procedural posture, "pleadings and affidavits . . . are received in a light most favorable to the plaintiff," and the Court "does not weigh the controverting assertions of the party seeking dismissal." [*Id*. at 1459]. However, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." [*Id*. at 1458]. The amount of evidence necessary to avoid dismissal for lack of personal jurisdiction is similar to what is required to avoid summary judgment. [*Id*.] at 1458-59; *see also Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974).

Federal courts may exercise personal jurisdiction over an out-of-state defendant in a diversity matter only if a court in the forum state could do so. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 148 (6th Cir. 1997). Further, determining whether a Kentucky court would have personal jurisdiction over a non-resident defendant consists of a two-step process. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). First, the cause of action must arise from the type of conduct or activity enumerated in Kentucky's long-arm statute. [*Id.*] A defendant is not subject to personal jurisdiction in Kentucky if the alleged conduct falls outside one of the nine enumerated categories, "regardless of whether federal due process might otherwise allow the assertion of *in personam* jurisdiction." [*Id*. at 56]. Second, if the long-arm statute is satisfied, the court must determine whether exercising personal jurisdiction over the nonresident defendant comports with federal due process rights. [*Id*. at 57]. Both prongs must be met before the Court may exercise personal jurisdiction over the defendant. [*Id*. at 711-12].

## II. Kentucky Long-Arm Statute

Kentucky's long-arm statute identifies nine instances in which a nonresident defendant could be subject to personal jurisdiction. Ky. Rev. Stat. § 454.210(2). Thus, this Court may only exercise personal jurisdiction over Philipson LLC "if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). A claim "arises from" certain conduct when there is a "reasonable and direct nexus" between the conduct causing injury and the defendant's activities in the state. [*Id*. at 5. In other words, a plaintiff's Complaint must establish "with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction." *Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011).

The enumerated categories relevant to this action are as follows:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

1. Transacting business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

Ky. Rev. Stat. § 454.210(2)(a)(1)-(4).

Here, the plaintiff's Complaint does not contain allegations that Philipson transacted business in Kentucky, nor does it include assertions that Philipson contracted to supply its services in the Commonwealth. Next, the plaintiff does not contend that Philipson acted to cause tortious injury. In fact, as Philipson LLC observed, the Complaint identifies "no allegation at all of any action taken by Philipson in Kentucky." [Record No. 12]

At best, plaintiff's claim against Philipson LLC may survive under the element of the long-arm statute that creates personal jurisdiction over a defendant for causing tortious injury outside the Commonwealth based on regular business conduct within it. But the only act plaintiff alleges is merely a relationship of some kind between Berea Healthcare and Philipson LLC—nothing more. However, as another judge has observed, even ownership, operation, or control by a parent corporation over a subsidiary is insufficient to establish personal jurisdiction. *Preferred Care of Delaware, Inc. v. Konicov*, 2016 WL 2593924, *5 (E.D. Ky. May 4, 2016) ("As this District recently explained, it is well established in this circuit that the mere ownership by a foreign parent company of an in-state subsidiary does not in itself subject the parent to the jurisdiction of such courts.") (quotations omitted). Without additional details regarding an act or omission by Philipson LLC linking it to the conduct upon which plaintiff's claim is based, this Court cannot conclude that personal jurisdiction exists within reach of Kentucky's long-arm statute.

### III. Due Process

The Due Process Clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotations omitted). "[T]he constitutional touchstone

remains whether the defendant purposefully established 'minimum contacts' in the forum State. . . . [so] that he should reasonably anticipate being haled into court there." [*Id*. at 474]. In other words, jurisdiction is only proper when a defendant created a "substantial connection" with the forum state. [*Id*. at 476].

The plaintiff has failed to show that Philipson LLC meets that threshold with its connections to the Commonwealth of Kentucky beyond some relationship to the nursing home where the alleged misconduct occurred. In fact, the plaintiff's Complaint fails to articulate any connection between Philipson LLC and the Commonwealth other than its dealings with Berea Health, but this is insufficient to establish personal jurisdiction without more detail. The Court is unaware of the extent of that relationship because the Complaint makes no mention of it other to allege that one exists.

## IV. Conclusion

Based on Philipson LLC's lack of connections to the Commonwealth articulated by plaintiff, the undersigned concludes that exercising personal jurisdiction over this defendant would offend traditional notions of fair play and substantial justice that underpin this defendant's due process rights. Accordingly, it is hereby

**ORDERED** that Defendant Philipson LLC's motion to dismiss for lack of jurisdiction [Record No. 12] is **GRANTED** and it is **DISMISSED** as a party to this action.

Date: September 29, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky