UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JANET MADDEN, as Power of Attorney for Leonard Horcher, incapacitated, | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-223-DCR |
| V. | ) | |
| BEREA HEALTHCARE, LLC, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Janet Madden filed this medical negligence action against Defendants Berea Healthcare, LLC ("Berea Healthcare") and Pamela Brooks in her capacity as administrator of Berea Healthcare, among others, on May 22, 2023. [Record Nos. 1 and 2] The case was removed to this Court on July 21, 2023, based on diversity jurisdiction. [Record No. 1] The parties were later directed to file supplemental briefs regarding the issue of whether this Court's subject matter jurisdiction over the action is proper. [Record No. 11] In addition, Madden has moved to amend her Complaint to remove Brooks as a defendant and join Leslee Kathlina, the actual administrator at the time the alleged negligence occurred, as a party to this action. [Record No. 13]

For the reasons outlined below, Madden's motion to amend her Complaint will be granted, Kathlina will be joined as a defendant, and the case will be remanded to the Madison Circuit Court for further proceedings.

## I. Background

Madden claims that the relevant nursing standard of care was breached while her brother Leonard Horcher was a resident at Berea Healthcare, a long-term care facility incorporated in Kentucky. [Record No. 1] Madden originally filed suit in Madison Circuit Court against a variety of individuals who allegedly owned, operated, or managed Berea Healthcare, including Pamela Brooks. She also named as defendants multiple entities purportedly part of Berea Healthcare's corporate ownership structure. [Record Nos. 1-2] Madden is a citizen of Alabama while other defendants are citizens of New York or New Jersey except for Brooks, a citizen of Kentucky.[1] The defendants removed the matter to this Court on July 25, 2023, based on this Court's diversity jurisdiction. [Record No. 1]

Madden's claim against Brooks is based solely on her role as administrator of Berea Healthcare. However, both parties acknowledge that Brooks was not the administrator during Mr. Horcher's residency at the facility.[2] Madden claims that Brooks was listed on the license application as the entity's administrator which led to her mistaken inclusion as an original defendant. [Record No. 21] However, Brooks remained a named defendant while the case was pending in state court for approximately five weeks. [Record No. 22] And Madden did not move to dismiss her as a party until the action was removed to this Court. At that time, the plaintiff also sought to replace the former administrator with Leslee Kathlina (also a citizen of

---

[1] *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003 (6th Cir. 2006) (The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member."). In this case, complete diversity existed at the time of removal amongst the parties with Brooks as a forum state defendant.

[2] Brooks filed an affidavit showing that she left her role as administrator of Berea Healthcare on February 13, 2022. [Record No. 15] Mr. Horcher did not begin living at the facility until a few months later on May 26, 2022. [Record Nos. 1 and 2]

Kentucky). Ms. Kathlina managed Berea Healthcare at the time when Mr. Horcher experienced allegedly negligent medical care. [Record Nos. 21 and 22]

## II. Fraudulent Joinder

The defendants contend that Madden fraudulently joined the wrong administrator of Berea Healthcare when she included Pamela Brooks as a defendant despite her forum state citizenship.[3] [Record No. 22]

Despite the misnomer, fraudulent joinder does not require any showing of improper motive or fraud. *See Shawver v. Bradford Square Nursing, LLC*, 2009 WL 971463 (E.D. Ky. April 9, 2009). Rather, the relevant question "is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved" against that defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Casias v. Wal-Mart Stores, Inc.*, F.3d 428, 432 (6th Cir. 2012) ("A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law."). If a plaintiff has even a "glimmer of hope" of recovering from the defendant, then any charge of fraudulent joinder fails, forcing the Court to remand the case to state court for lack of subject-matter jurisdiction. *See Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014). Within the Sixth Circuit, the burden of proof falls on defendants to show that a party has been fraudulently joined. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 534 (6th Cir. 1999); *Alexander*, 13 F. 3d at 949.

---

[3] Although the doctrine of fraudulent joinder precludes a plaintiff from joining a non-diverse or nominal party for the purpose of defeating subject matter jurisdiction, similar logic applies to a plaintiff who joins a forum state defendant to force the Court to remand. *See Hannas v. Medtronic, Inc.*, 2012 WL 5948932 (W.D. Ky. Nov. 28, 2012).

Here, Madden claims that she added Brooks as a defendant by virtue of her position as the nursing home administrator who oversaw the allegedly negligent medical care provided to Madden's brother during his residency. [Record No. 13] And she further asserts that she has colorable claims against Brooks. [Record No. 21] Under Kentucky law, nursing home administrators owe a "universal duty of care" to the residents, which includes "a duty to exercise ordinary care and to prevent foreseeable harm." *Simpson v. GGNSC Admin. Servs*., 2008 WL 817084, at *7 (E.D. Ky. March 8, 2008). In addition, nursing home administrators may be liable for injuries sustained by residents under their care. *See Shawver v. Bradford Square Nursing, LLC*, 2009 WL 971463 (E.D. Ky. April 9, 2009) (finding that nursing home administrators must ensure that foreseeable harm is prevented and that they are "potentially liable for injuries sustained by residents under the administrator's care."); *Lindsey ex rel. Estate of DeVane v. Kentucky Med. Inv'rs, Ltd.*, No. 05-cv-116-DLB, 2005 WL 2281607, at *5 (E.D. Ky. Sept. 19, 2005).

Under this rubric, Plaintiff Madden appears to have a colorable negligence claim with the potential for liability against the Berea Healthcare administrator. But the obvious problem is that Madden pleaded state claims against an inaccurate position-holder who lacked any direct connection (in a professional capacity or otherwise) to the nursing home at the time of the alleged negligent medical care. Madden could not sustain a colorable state law claim against Brooks based on the facts set forth in her Complaint because of Brooks' departure from Berea Healthcare months before any alleged violation occurred. *See Bridgepoint Condos, Inc. v. Integra Bank Nat. Ass'n*, 2009 WL 700056 (W.D. Ky. March 13, 2009) ("Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming 'non-diverse nominal or irrelevant parties' in order to avoid removal."). Regardless of Madden's motive for improperly

joining Brooks as a defendant—whether purposeful or accidental—she has no "glimmer of hope" to recover against Brooks in state court. Therefore, the undersigned concludes that Madden fraudulently joined Brooks as a defendant in this action, necessitating her dismissal.

## III. Post-Removal Motion to Amend a Complaint

In addition to dismissing Brooks as an improper defendant, Plaintiff Madden seeks to amend her Complaint for post-removal joinder of Kathlina Leslee—another forum state citizen. Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has explained that "where the underlying facts would support [it], a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). After all, courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

When a diversity case is removed and an amendment has the potential to divest the court of that jurisdiction, district courts have discretion to determine whether maintaining jurisdiction is proper under 28 U.S.C. § 1447(e).[4] The statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." [*Id.*]

---

4 *Blackburn v. Oaktree Capital Mgmt.*, 511 F.3d 633, 637 (6th Cir. 2008) (noting that section 1447(e) analysis "arises post-removal").

The Sixth Circuit has provided minimal guidance regarding section 1447(e)'s joinder analysis, but there is consensus that a district court should consider four factors in making a jurisdictional decision. *See Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, 2014 WL 112308 (E.D. Ky. Jan. 9, 2014); *In re Darcovet,* 106 F. Supp. 3d 849 (E.D. Ky. 2015). These factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amending is disallowed; and (4) whether any equitable considerations apply. *See Rader v. Principle Long Term Care*, 2020 WL4758255, at 4* (E.D. Ky. Aug. 14, 2020). The Court will Madden's motion after weighing these factors.

**Purpose of the Amendment**

The purpose of the plaintiff's amendment is "often of paramount importance" because overall consideration is ultimately intended to determine whether "the primary purpose of the proposed joinder is to oust the case from the federal forum." *See Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, 2014 WL 112308 at *4 (E.D. Ky. Jan. 9, 2014). The parties disagree regarding the purpose of Madden's motion to amend her Complaint. Madden argues that Berea Healthcare's license to operate for the year in which plaintiff's brother allegedly experienced negligence reflected Pamela Brooks as the administrator, despite her departure from the company three months prior to the time the alleged negligence occurred. This purportedly led Madden to name her as a defendant rather than the actual administrator at the time of the alleged negligence, leading her to seek correction of a minor pleading error.

Conversely, the defendants claim that Madden knowingly pleaded the wrong administrator prior to avoid the exercise of the federal court's diversity jurisdiction. Even more, they contend that Madden only now seeks joinder of Leslee Kathlina, the administrator

of Berea Healthcare, because of her Kentucky citizenship for the purpose of manipulating federal jurisdiction under the forum defendant rule.[5] This rule prohibits parties from removing to federal court any matter in which a defendant is a citizen of the state in which the federal court considering the matter sits. *See* 28 U.S.C. § 1441(b)(2).[6]

As discussed above, the Court has determined that Madden fraudulently joined Brooks. However, this does not necessarily force prevent the plaintiff's from asserting actionable claims against the Berea Healthcare administrator. Amending a complaint to correct a pleading error is excusable when the plaintiff's purpose for seeking the amendment is merely to rectify a basic mistake. For example, in *Rader v. Principle Long Term Care*, the plaintiff erroneously named a defendant that she believed to be the nursing home administrator based on the entity's operational license with the Kentucky Cabinet for Health and Family Services. *Rader*, 2020 WL 4758255, at *2. Only after the defendants answered her complaint did the plaintiff in that case realize her mistake and attempt to correct it. As *Rader* noted, the plaintiff's error amounted to "simply a case of mistaken identity and, given [the plaintiff's] good faith effort to discern the identity of the administrator, her mistake was reasonable." [*Id.*] The Court further observed "[t]he fact that Plaintiff contemplated naming these Defendants

---

5 Seeking to join a forum defendant, even if it is to replace another, ***immediately after removal*** "smacks of forum shopping, specifically a desire to avoid federal jurisdiction." *Adkins*, 2015 WL 1802838, at * 3.

6 At least one court has found that the rule may not apply if forum state defendant is fraudulently joined for the purpose of preventing defendants from exercising their statutory right to remove the case to federal court based on diversity jurisdiction. *See Steele v. Ethicon Inc.*, 2019 WL 9104041, *1 (E.D. Pa (2019). *See also Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012) ("A finding of fraudulent joinder permits the district court to disregard the citizenship of such non-diverse or forum defendants, assume jurisdiction over the action, dismiss any such fraudulently joined defendants, and retain jurisdiction over the case.").

from the beginning suggests that these parties were not later added as an attempt to defeat federal jurisdiction but rather because Plaintiff had discovered their identity." [*Id*. citing *Crail v. Elsmere Health Facilities*, 2017 WL 2952274 (E.D. Ky. July 10, 2017) (parentheses omitted)].

The facts are nearly identical in this case. Madden allegedly relied on an official licensing document to name a person she reasonably believed to be the administrator of Berea Healthcare during her brother's residency. And, as *Crail* observed, the fact that the plaintiff contemplated adding the entity's administrator when she filed her Complaint suggests that she intended to name the accurate party from the start.

Ultimately, the Court concludes that Madden seeks to replace an erroneously named administrator with the individual who served as administrator during her brother's residency. This factor weighs heavily in favor of granting her motion.

**Plaintiff's Delayed Correction**

The second factor helps account for inexcusable delays in correcting a pleading error. In this case, it appears that Madden dallied without explanation, although unlikely for the purpose of defeating subject matter jurisdiction. She made no attempt to amend her Complaint for two months and only did so after the case had been removed to this Court. [Record No. 13] Moreover, Madden failed to rectify her pleading error for five weeks after Pamela Brooks filed an answer explaining that she had no professional connection to Berea Healthcare during

the residency of plaintiff's brother and, therefore, could not be a valid party to this suit.[7] [Record No. 1, p. 32]

Two cases provide a useful framework through which to evaluate the temporal aspect of plaintiff's delayed attempt at amending her Complaint. In *Adkins v. Advocat, Inc.*, a judge court admonished the plaintiff for a two months-long delay that, likewise, only occurred after the case had been removed to federal court. 2015 WL 1802838, at * 4 (E.D. Ky. April 17, 2015). On the other hand, a separate judge determined that amending a complaint "less than one month after [plaintiff] learned the identities of the [defendant's] employees through discovery, and less than two weeks after [defendant] removed the case" amounted to a reasonable timeframe. *Lawson v. Lowe's Home Ctrs., LLC*, 2015 WL 65117 (E.D. Ky. Jan. 5, 2015). The plaintiff contends that "[c]ourts have found other plaintiffs not to be dilatory where longer periods of time have passed." [*Id*. at *14] But Madden's reliance on *Lawson* begs the question of how she learned that Kathlina actually served as administrator during her brother's residency. As the parties note, discovery in this case has not taken place, so it is unclear how Madden ultimately discovered the true identity of the facility's administrator during the time between her original filing and the date on which she filed her motion to rectify her pleading error. Madden's filings provide no explanation.

The inescapable conclusion is that Madden delayed her attempt at rectifying the pleading error for weeks, despite ample notice that Brooks simply did not belong as a party. Of course, it is possible she spent that period attempting to discover the actual administrator

---

7 Defendant Brooks filed an answer to plaintiff's Complaint in state court. Following removal, Brooks filed an affidavit on August 15, 2023, explaining that she no longer worked at Berea Healthcare, LLC at the time of the alleged negligence. [Record No. 14]

of Berea Healthcare at the time the negligence occurred. However, she failed to identify the correct defendant until the case made it to this Court. The reasoning behind the plaintiff's conduct (i.e., between the discovery of her error, determining the true administrator, and filing a motion to fix her mistake) is unclear but not quite dilatory. Therefore, this factor is neutral in the Court's ultimate analysis.

**The Potential for Prejudice**

The third factor guides analysis of whether exercising judicial discretion to disallow joinder of a defendant would prejudice the plaintiff's ability to recover for potential claims. In cases involving allegations of negligent medical care, courts consider whether a plaintiff "could sufficiently recover without naming the individual administrator[] as [a] defendant[], in light of *respondeat superior*." *See Rader v. Principle Long Term Care*, 2020 WL4758255, at 9* (E.D. Ky. Aug. 14, 2020). As *Rader* counseled, "[c]ourts find amendments to join employees unnecessary where the employers are already defendants, provided the amendment only seeks the name the employees in their professional capacities." [*Id.*] In this case, Madden seeks to add an employee of a defendant who is already a party. Yet, she argues that administrator negligence is a unique and distinctive claim only applicable to a particular individual. [Record No. 13 p. 5] Even more, Madden contends that she would be prejudiced "in other ways" if Leslee Kathlina is not added as a defendant.

In *Rader*, the plaintiff sought to recover from the administrator when she filed her Complaint but purportedly did not know the individual's true identity, even though she named one. 2020 WL 4758255, at 9*. Thus, the "opportunity was available at the state court level," so the plaintiff "did not spoil the opportunity" to recover from the true administrator. [*Id.* at

*10-11] Like in *Rader*, the undersigned agrees that the likelihood of prejudice to the plaintiff would be comparably low without Kathlina as a named party.

**Equitable Considerations**

The fourth factor accounts for any equitable considerations that may weigh in favor of or against preserving federal jurisdiction. Madden argues that all defendants either own or operate "a nursing home in Berea, Kentucky, as well as numerous other nursing homes across the Commonwealth" and would not be prejudiced if this matter is ultimately remanded. [Record No. 13, p. 7] She further emphasizes that "this litigation arises out of incidents which occurred at the nursing home in Berea, Kentucky." [*Id.*] The defendants, however, claim that the only defendant who "owned and operated Berea Health and Rehabilitation" is Berea Healthcare, LLC. [Record No. 22, pp. 6-7] And they question whether some defendants even maintain the requisite connections to the Commonwealth to be joined as parties to the litigation. [*Id.*]

The Court is not convinced that the defendants' interest in proceeding at the federal level would outweigh the risk of prejudice in state court. Of course, diversity jurisdiction exists to "protect out-of-state defendants form local prejudice in state courts." Charles Alan Wright, *The Law of the Federal Courts* § 23, at 128 (4th ed. 1983). Yet, while the "insidious home-state advantage is what diversity jurisdiction seeks to neutralize," *Adkins*, 2015 WL 1802838, at * 4, federal courts are courts of limited jurisdiction and should retain that jurisdiction over removed cases only when circumstances so dictate. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

Madden would potentially benefit from proceeding in state court, but the defendants also maintain a varying degree of economic, commercial, and contractual ties to the

Commonwealth. [Record No. 13] After all, this litigation arises largely out of a dispute involving a company they chose to operate in Kentucky, an incident that allegedly happened at that facility in Kentucky, and now against at least one defendant who is a citizen of Kentucky. [*Id.*] To the extent that this factor seeks to measure the fairness of this case proceeding at the state level, despite multiple parties in this case being citizens of other states, the balance of equities does not weigh heavily in favor of one party or another. Yet, even when considering the defendants' generalized interest in remaining in federal court, this factor is neutral.

In summary, the Court concludes that the section 1443(e) factors favor granting the plaintiff's motion to amend her Complaint for the purpose of allowing joinder of Leslee Kathlina as the administrator of Berea Healthcare. It appears that Madden's motivation is to correct a pleading error rather than engage in the type of conduct that could preclude or divest this Court from exercising jurisdiction in a case involving otherwise diverse parties, especially given the fact that Madden sought to replace one forum state defendant with another. As a result, this Court will grant her motion to amend her Complaint and allow the joinder of Kathlina as a defendant.

**Forum Defendant Rule**

The forum defendant rule provides that a civil action otherwise removeable solely on the basis of complete diversity under § 1441(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Under this rule, the presence of even one resident defendant precludes removal where the only asserted basis of federal subject matter jurisdiction is diversity of citizenship. *See Chase Manhattan Mort. Corp. v. Smith*, 507 F.3d

910, 914 (6th Cir. 2007). The Court directed the parties to brief the application of this rule which seemingly presents a matter of first impression within this circuit.

The defendants argue initially that the forum defendant rule does not render removal improper because Madden fraudulently joined forum state Defendant Brooks, even though they cite no authority supporting this jurisdictional proposition that this Court is required to follow. However, the Sixth Circuit has not held that every forum state defendant determined to be fraudulently joined will categorically result in suspension of the forum defendant rule, which is a procedural mechanism. For example, in certain cases like the present, fraudulent joinder—although malevolent-sounding—can result from a basic pleading error.

Next, the defendants seemingly set out to benefit from a procedural shell game to keep this case in federal court. They contend that post-removal joinder of Kathlina as a forum state defendant renders the forum defendant rule inoperable because "plaintiff would have to have properly joined and served Kathlina ***prior to Defendants' removal*** . . . [to] defeat subject matter jurisdiction." [Record No. 22] In essence, the defendants argue that "[t]his case has already been removed and the ship has sailed" when it comes to this Court's jurisdiction. [Record No. 43]

Yet, the defendants petition the Court to adopt an interpretation of the defendant forum rule's "properly joined and served language" that is not only inapplicable but would invite precisely the gimmickry that Congress sought to avoid by creating the rule in the first instance. *See, e.g., LifePoint Corp. Servs. GP v. WellCare Health Ins. Co.*, 2023 WL 2388551 (E.D. Ky. March 7, 2023). It is true that some courts have adopted the defendants' suggested approach, finding that because the removal statute limits itself to *any of the parties in interest properly joined and served*, the forum defendant rule is not triggered until a properly joined defendant

receives service. *See, e.g., Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3rd Cir. 2018). This means that even forum defendants could remove a case before receiving service, even though § 1441(b)(2) would bar them from doing so after service.

But as this Court has stated previously, this reading inevitably reaches an absurd result when measured against congressional intent to prevent gamesmanship by both plaintiffs *and* defendants.[8] It is clear that Congress inserted the "joined and served" language in 28 U.S.C. § 1441(b)(2) to prevent gamesmanship by plaintiffs, who might name a non-diverse or forum state defendant against whom no valid state claim exists, to defeat removal. *See In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 2012 WL 2919219, *2 (E.D. Ky. July 17, 2012). Therefore, it would be "absurd to interpret the same joined and served requirement to actually condone a similar kind of gamesmanship from defendants." [*Id*. citing *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 861 (N.D. Ohio, 2008)].

Section 1441(b)(2) protects out-of-state defendants from experiencing prejudice if they are hauled into state court, but only when a defendant who shares citizenship with the forum is not within their ranks. It also serves to prevent procedural gimmickry. Just as a forum defendant cannot rush to the courthouse to remove a diversity case before being "properly joined and served" to circumvent the clear purpose of the rule, this Court is skeptical that non-forum defendants can remove a case with pre-removal notice of a plaintiff's pleading error and the expectation that he or she would likely seek to correct that error through joinder of another forum defendant.

---

8 Congressional intent matters when construing the statutory meaning of a provision whose purpose is obvious. *See generally Zuni Pub. Sch. Dist. v. Dep't of Education*, 550 U.S. 81, 105-06 (2007) (Stevens, J., concurring) (suggesting that "constructions which are contrary to clear congressional intent" must be rejected).

In some circuits, post-removal joinder of a forum state citizen does not destroy federal jurisdiction where the parties otherwise remained diverse under the theory that the forum defendant rule applies only at the time of removal. *See, e.g., Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004). The Sixth Circuit, however, has not answered this question, nor has it provided sufficient guidance.[9] Instead, it has only observed as dicta in a footnote that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

However, as 28 U.S.C. § 1447(c) commands, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." And as with any dispute over removal, all doubts are resolved in favor of remand to state court when the scope of §1446(b) is unclear. *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999). Although Madden has questioned whether this Court retains subject matter jurisdiction, she has not filed a motion to remand. But within the Sixth Circuit, a court may determine *sua sponte* that it lacks subject matter jurisdiction over a case. *See American Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 539 (6th Cir. 2007).[10] To

---

[9] Some district courts within the Sixth Circuit have found that the forum defendant rule is applicable only at the time of removal. *Integrity Bus. Ptrs., LLC v Autumn Ridge Consult.*, 2022 WL 17092148 (S.D. Ohio, Nov. 21, 2022); *Gillett v. Spirit Commercial Auto Risk Retention Grp.*, 2020 WL 5732155, at *3 (W.D. Ky. Sept. 23, 2020) (citing *Terry v. Phelps KY Opco, LLC*, 2020 WL 2500306, at *6 (E.D. Ky. Apr. 20, 2020) ("Section 1441(b)'s limitation on removal only applies as a limitation on the defendant at the time he or she actually removes the case.").

[10] *American Telecom Co*., 501 F.3d at 539 ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage of the litigation. Rule 12(h)(3) instructs: Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action.") (quotations omitted); *see also Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536,

preserve the intended purpose and efficacy of the forum defendant rule against a stricter ruling, this is an instance where remand is proper.

## IV. Conclusion

Plaintiff Madden fraudulently joined Pamela Brooks as a defendant which requires her dismissal as a party in this action. After reviewing the relevant factors for consideration, the Court will also exercise its discretion under § 1447(e) to allow Madden to join Leslee Kathlina as the appropriate defendant. However, post-removal joinder of a forum state defendant requires that this Court address whether it may, or should, retain jurisdiction where the defendants who removed the case did so before the plaintiff could correct a pleading error. The The undersigned concludes that remand is proper and appropriate because that forum is better suited to assess the claims levied against the defendants, including one who shares state citizenship with the federal forum. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Madden's motion for leave to amend her complaint [Record No. 13] is **GRANTED**. Pamela Brooks is **DISMISSED** and Leslee Kathlina is **JOINED** as a defendant in this matter.

2. The Clerk of the Court is directed to file Plaintiff Madden's Amended Complaint [Record No. 13]. Thereafter, this action is **REMANDED** to the Madison Circuit Court for further proceedings and **STRICKEN** from this Court's docket.

---

539 (6th Cir. 2006) ("[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings")).

Dated: December 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky