*Electronically Filed*

**UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

**Civil Action No. 5:23-223-DCR**

Janet Madden, as Power of Attorney                                          PLAINTIFF
for Leonard Horcher, incapacitated

v.                                    <u>**AMENDED COMPLAINT**</u>

Berea Healthcare, LLC                                                  DEFENDANTS
a/k/a Berea Health and Rehabilitation, LLC
c/o Eli Grinspan
300 Provider Court, Suite 100
Richmond, KY 40475

BAD Realty, LLC
c/o Eli Grinspan
300 Provider Court
Richmond, KY 40475

Sentosacare, LLC
20 Franklin Place
Woodmere, NY 11598

Valley Stream Operator I, LLC
d/b/a Bluegrass Health Partners
c/o Eli Grinspan
300 Provider Court
Richmond, KY 40475

Philipson Family Limited Liability Company
c/o David Philipson
22 Pleasant Ridge Road
Spring Valley, NY 10977

Benjamin Landa
1044 Broadway
Woodmere, NY 11598

Bent Philipson
945 Broadway
Woodmere, NY 11598

Leslee Kathlina in her Capacity as Administrator
of Berea Health and Rehabilitation, LLC
1013 Blackwell Court
Richmond, KY 40475

Comes now Plaintiff, Janet Madden, as Power of Attorney for Leonard Horcher, incapacitated, and for this cause of action against Defendants, Berea Healthcare, LLC a/k/a Berea Health and Rehabilitation, LLC; BAD Realty, LLC; Sentosacare, LLC; Valley Stream Operator I, LLC d/b/a Bluegrass Health Partners; Philipson Family Limited Liability Company; Benjamin Landa; Bent Philipson; and Leslee Kathlina, in her capacity as Administrator of Berea Health and Rehabilitation, LLC, states as follows:

1.      Janet Madden is the Power of Attorney for Leonard Horcher, incapacitated, and therefore brings this action on behalf of Leonard Horcher.

2.      Janet Madden is the sister of Leonard Horcher and is a resident of Alabama.

3.      Upon information and belief, Leonard Horcher was admitted as a resident of Berea Health and Rehabilitation, LLC, located at 601 Richmond Road, Berea, KY 40403 (hereinafter sometimes referred to as "the facility"), on May 26, 2022, and remained there until July 29, 2022.

4.      Defendant Berea Healthcare, LLC a/k/a Berea Health and Rehabilitation, LLC is a for-profit domestic limited liability company, with its principal location at 300 Provider Court, Suite 100, Richmond, KY 40475, and is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at times material to this action, Defendant Berea Healthcare, LLC was the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, Defendant Berea Healthcare, LLC, as licensee of Berea Health and Rehabilitation, was legally responsible for the facility and for ensuring compliance with all

laws and regulations related to the operation of Berea Health and Rehabilitation. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant Berea Healthcare, LLC, in owning, operating, managing, controlling, licensing, and/or providing services for Berea Health and Rehabilitation during the residency of Leonard Horcher. The registered agent for service of process for Defendant Berea Healthcare, LLC a/k/a Berea Health and Rehabilitation, LLC is Eli Grinspan, 300 Provider Court, Richmond, KY 40475.

5.    Defendant BAD Realty, LLC is a for-profit domestic limited liability company, with its principal office located at 300 Provider Court, Suite 100, Richmond, KY 40475, and is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at times material to this action, Defendant BAD Realty, LLC owned, operated, managed, controlled, and/or provided services for Berea Health and Rehabilitation. The causes of action that are the basis of this suit arise out of such business conducted by Defendant BAD Realty, LLC, in owning, operating, managing, controlling, and/or providing services for Berea Health and Rehabilitation during the residency of Leonard Horcher. The registered agent for service of process for Defendant BAD Realty, LLC is Eli Grinspan, 300 Provider Court, Richmond, KY 40475.

6.    Defendant Sentosacare, LLC is a foreign limited liability company. Upon information and belief, at times material to this action, Defendant Sentosacare, LLC owned, operated, managed, controlled, and/or provided services to Berea Health and Rehabilitation. The causes of action that are the basis of this suit arise out of such business conducted by Defendant BAD Realty, LLC, in owning, operating, managing, controlling, and/or providing services for Berea Health and Rehabilitation during the

residency of Leonard Horcher. Defendant Sentosacare, LLC is without an agent for service of process in the Commonwealth of Kentucky and should therefore be served by service of process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, KY 40601, for service upon its own agent, Simona G., 20 Franklin Place, Woodmere, NY 11598, via certified mail.

7.      Defendant Valley Stream Operator I, LLC d/b/a Bluegrass Health Partners is a foreign limited liability company with its principal address at 300 Provider Court, Suite 100, Richmond, KY 40475, and is authorized to do business in the Commonwealth of Kentucky. Upon information and belief, at times material to this action, Defendant Valley Stream Operator I, LLC owned, operated, managed, controlled, and/or provided services to Berea Health and Rehabilitation. The causes of action made the basis of this suit arise out of such business conducted by Defendant Valley Stream Operator I, LLC in the ownership, operation, management, control, and/or services provided for the facility during the residency of Leonard Horcher. The registered agent for service of process for Defendant Valley Stream Operator I, LLC is Eli Grinspan, 300 Provider Court, Richmond, KY 40475.

8.      Defendant Philipson Family Limited Liability Company is a foreign limited liability company. Upon information and belief, at times material to this action, Defendant Philipson Family Limited Liability Company owned, operated, managed, controlled, and/or provided services for Berea Health and Rehabilitation. The causes of action that are the basis of this suit arise out of such business conducted by Defendant Philipson Family Limited Liability Company in owning, operating, managing, controlling, and/or

providing services for Berea Health and Rehabilitation during the residency of Leonard Horcher. Defendant Philipson Family Limited Liability Company is without an agent for service of process in the Commonwealth of Kentucky and should therefore be served by service of process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, KY 40601, for service at 22 Pleasant Ridge Road, Spring Valley, NY 10977.

9.      Upon information and belief, at times material to this action, Defendant Benjamin Landa owned, operated, managed, controlled, and/or provided services to Berea Health and Rehabilitation. The causes of action made the basis of this suit arise out of such business conducted by Defendant Benjamin Landa in the ownership, operation, management, control, and/or services provided for the facility during the residency of Leonard Horcher. Defendant Benjamin Landa is without an agent for service of process within the Commonwealth of Kentucky and should therefore be served by service of process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, Kentucky 40601, for the service at the address 1044 Broadway, Woodmere, NY 11598, via certified mail.

10.      Upon information and belief, at times material to this action, Defendant Bent Philipson owned, operated, managed, controlled, and/or provided services to Berea Health and Rehabilitation. The causes of action made the basis of this suit arise out of such business conducted by Defendant Bent Philipson in the ownership, operation, management, control, and/or services provided for the facility during the residency of Leonard Horcher. Defendant Bent Philipson is without an agent for service of process within the Commonwealth of Kentucky and should therefore be served by service of

process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capitol Avenue, Suite 86, Frankfort, Kentucky 40601, for the service at the address 22 Pleasant Valley Ridge Rd., Spring Valley, NY 10977, via certified mail.

11.    Upon information and belief, Defendant Leslee Kathlina was an Administrator of Berea Health and Rehabilitation, LLC during the residency of Leonard Horcher. The causes of action made the basis of this suit arise out of Defendant Leslee Kathlina's administration of the facility during the residency of Leonard Horcher. Defendant Leslee Kathlina may be served with process at 1013 Blackwell Court, Richmond, Kentucky 40475.

12.    Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Berea Healthcare, LLC a/k/a Berea Health and Rehabilitation, LLC; BAD Realty, LLC; Sentosacare, LLC; Valley Stream Operator I, LLC d/b/a Bluegrass Health Partners; Philipson Family Limited Liability Company; Benjamin Landa; and Bent Philipson.

13.    Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Leslee Kathlina.

14.    Whenever the term "Individual Defendants" is utilized within this suit, such term collectively refers to Benjamin Landa and Bent Philipson.

15.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

16.    Defendants controlled the operation, planning, management, budget, and quality control of the facility. The authority exercised by Defendants over the respective nursing home included, but was not limited to, control of marketing, human resources,

management, training, staffing, creation and implementation of all policy and procedure manuals used by the nursing home, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax, and accounting control through fiscal policies established by Defendants.

17.    Jurisdiction and venue are proper in this Court.

## **FACTUAL ALLEGATIONS**

18.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-17 as if fully set forth herein.

19.    Upon information and belief, Leonard Horcher was looking to Nursing Home Defendants for treatment of his total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat him.

20.    At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled, and/or provided services for Berea Health and Rehabilitation, LLC, either directly or through a joint enterprise, partnership, or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants, or employees.

21.    Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant, or independent contractor, whether in-house or outside individuals, entities, agencies, or pools.

22.    Nursing Home Defendants failed to discharge their obligations of care to Leonard Horcher, and in so failing, displayed a conscious disregard for his rights and

safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified, and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Leonard Horcher, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Berea Health and Rehabilitation, LLC, including Leonard Horcher.

23.    Due to the wrongful conduct of Nursing Home Defendants, Leonard Horcher suffered accelerated deterioration of his health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

      a.  Catheter issues;
      b.  Pressure ulcer; and
      c.  Urinary tract infection.

24.    Leonard Horcher also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

25.    The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Leonard Horcher's health deteriorated, he required medical treatment, and he will continue to require medical treatment.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

### COUNT I – NEGLIGENCE

26.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-25 as if fully set forth herein.

27.    Nursing Home Defendants owed a non-delegable duty to Leonard Horcher to provide the custodial care, services, and supervision that a reasonably careful nursing home would provide under similar circumstances.

28.    Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Leonard Horcher.

29.    Nursing Home Defendants negligently failed to deliver care, services, and supervision, including, but not limited to, the following acts and omissions:

  a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

    1) ensuring compliance with the rules and regulations designed to protect the health and safety of the residents, such as Leonard Horcher, as promulgated by the Cabinet for Health and Family Services, Division of Long-Term Care;

    2) ensuring compliance with the resident care policies for the facility; and

    3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

  b) Failure to develop, implement, and follow policies to assist Leonard Horcher in attaining and maintaining the highest level of physical, mental, and psychological wellbeing;

  c) Failure to maintain all records on Leonard Horcher in accordance with accepted standards and practices;

  d) Failure to provide the minimum number of qualified personnel to meet the total needs of Leonard Horcher;

  e) Failure to provide adequate nursing and other staff that was properly staffed, qualified, and trained;

  f) Failure to ensure that Leonard Horcher received adequate and proper custodial care;

g)     The failure to maintain all records on Leonard Horcher in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment;

h)     Failure to monitor or increase the number of nursing personnel at the facility to ensure that Leonard Horcher:

     1)     received timely and accurate care assessments;

     2)     received prescribed treatment and medication;

     3)     received appropriate diet and nutrition;

     4)     received necessary supervision; and

     5)     received timely intervention due to significant changes in condition;

i)     Failure to have in place adequate guidelines, policies, and procedures for the facility and to administer those policies through enforcement of any rules, regulations, bylaws, or guidelines;

j)     Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

k)     Failure to ensure that Leonard Horcher received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l)     Failure to protect Leonard Horcher from abuse and neglect; and

m)     Failure to increase the number of personnel at the facility to ensure that Leonard Horcher did not suffer the above-listed failures.

30.     A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Leonard Horcher. With regard to each of the foregoing acts of negligence, Nursing Home Defendants were grossly negligent by acting with wanton or reckless disregard for the health and safety of Leonard Horcher.

31.     Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are evidence of negligence. Violations of said statutory and regulatory standards of care by Nursing Home Defendants caused in part the injuries to Leonard Horcher. Leonard Horcher was injured by the statutory and regulatory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes and regulations were enacted and promulgated and who was intended to be protected by these statutes and regulations. The violations of the statutory and regulatory standards of care of Nursing Home Defendants include, but are not limited to, violation(s) of the following:

     a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect, and/or exploitation of Leonard Horcher; and/or

     b)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

32.     Plaintiff also alleges that Defendants breached the standard of care by violating the Kentucky Residents' Rights Statute. The violations of the resident's rights of Leonard Horcher include, but are not limited to, the following:

     a)    Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care for his personal needs;

     b)    Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

     c)    Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

d)     Violation of the right to have an adequate and appropriate resident care plan developed, implemented, and updated to meet his needs;

e)     Violation of the right to be free from mental and physical abuse and neglect; and

f)     Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

33.     As a direct and proximate result of such gross negligence, Leonard Horcher suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

## **COUNT II – MEDICAL NEGLIGENCE**

34.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 25 as if fully set forth herein.

35.     Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same or similar circumstances would provide.

36. Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a) The overall failure to ensure that Leonard Horcher:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision; and

5) received timely intervention due to significant changes in condition;

b) Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides to meet the total needs of Leonard Horcher throughout his residency;

c) Failure to provide and implement an adequate nursing care plan based on the needs of Leonard Horcher;

d) Failure to provide care, treatment, and medication in accordance with physician's orders;

e) Failure to adequately and appropriately monitor Leonard Horcher and recognize significant changes in his health status, and to timely notify his physician of significant changes in his health status;

f) Failure to ensure Leonard Horcher was not deprived of the services necessary to maintain his health and welfare;

g) Failure to inform the physician and family of significant changes in condition;

h) Failure to ensure that Leonard Horcher received adequate and proper supervision and hygiene, as well as infection control procedures;

i) Failure to adequately, timely, and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Leonard Horcher;

j)      Failure to provide proper supervision, treatment, assessment, and monitoring of Leonard Horcher in order to prevent the above-listed injuries;

k)      Failure to administer and secure appropriate medical care following the development and/or discovery of Leonard Horcher's above-listed injuries; and

l)      Failure to increase the number of personnel at the facility to ensure that Leonard Horcher not suffer the above-listed failures.

37.     It was foreseeable that the breaches of care listed above would result in serious injuries to Leonard Horcher. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

38.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants were grossly negligent by acting with wanton or reckless disregard for the health and safety of Leonard Horcher.

39.     As a direct and proximate result of such gross negligence, Leonard Horcher suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

40.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 –25 as if fully set forth herein.

41.    Upon information and belief, Leonard Horcher was looking to Nursing Home Defendants' facility for treatment of his physical ailments and not merely as the situs where others not associated with the facility would treat him for his problems. There is a presumption that the treatment Leonard Horcher received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Leonard Horcher, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

42.    Nursing Home Defendants owed a non-delegable duty to assist Leonard Horcher in attaining and maintaining the highest level of physical, mental, and psychological wellbeing.

43.    Nursing Home Defendants owed a duty to Leonard Horcher to maintain their facility, including providing and maintaining medical equipment and supplies and hiring, supervising, and retaining nurses and other staff employees.

44.    Nursing Home Defendants owed a duty to Leonard Horcher to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement of any rules, regulations, bylaws, or guidelines which were adopted by Nursing Home Defendants to ensure a smoothly run facility and adequate resident care.

45.    Nursing Home Defendants owed a duty to Leonard Horcher to provide a safe environment, to provide treatment and recovery, and to exercise ordinary care and attention for the safety of residents, including Leonard Horcher, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Leonard Horcher from danger due to his inability to care for himself. Nursing Home Defendants had a duty to protect Leonard Horcher from any danger which the surroundings would indicate might befall him in view of any peculiar trait exhibited by him or which his mental condition or aberration would suggest as likely to happen.

46.    With regard to each of the foregoing acts of negligence, Nursing Home Defendants were grossly negligent by acting with wanton or reckless disregard for the health and safety of Leonard Horcher.

47.    As a direct and proximate result of such gross negligence, Leonard Horcher suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## **COUNT IV – VIOLATIONS OF LONG-TERM CARE RESIDENT'S RIGHTS**

48.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-25 as if fully set forth herein.

49.    Nursing Home Defendants violated statutory duties owed to Leonard Horcher as a resident of a long-term care facility, KRS 216.510 et seq. Plaintiff specifically references KRS 216.515 here without limiting the import of the remaining portions of the resident's rights statutes. These statutory duties were non-delegable.

50.    The violations of the resident's rights of Leonard Horcher include, but are not limited to, the following:

  a) Violation of the right to be treated with consideration, respect, and full recognition of his dignity and individuality, including privacy in treatment and in care for his personal needs;

  b) Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

  c) Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

  d) Violation of the right to have an adequate and appropriate resident care plan developed, implemented, and updated to meet his needs;

  e) Violation of the right to be free from mental and physical abuse and neglect; and

  f) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

51.     As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to KRS § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

52.     With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants were grossly negligent by acting with wanton and reckless disregard for the rights of Leonard Horcher, and, pursuant to KRS § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## CAUSE OF ACTION AGAINST INDIVIDUAL DEFENDANTS

## COUNT I - NEGLIGENCE

53.     Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-25 as if fully set forth herein.

54.     Individual Defendants, in their individual capacities, personally operated, managed, controlled, and/or provided services for Berea Health and Rehabilitation, either directly or through a joint enterprise, partnership, or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants, or employees.

55.    Individual Defendants took a primary and active role in the operation, management, and supervision of Berea Health and Rehabilitation. *Smith v. Isaacs*, 777 S.W.2d 912, 913 (Ky. 1989).

56.    Individual Defendants owed a duty of ordinary care to all residents at Berea Health and Rehabilitation, including Leonard Horcher.

57.    Individual Defendants were personally in charge of Berea Health and Rehabilitation and its employees.

58.    Upon information and belief, prior to and at all times mentioned herein, Individual Defendants were negligent in the operation, management, and supervision of Berea Health and Rehabilitation and its employees.

59.    Upon information and belief, Individual Defendants breached their duty to the residents of Berea Health and Rehabilitation, as, by their acts, they created an unreasonable risk of harm and actual harm to the interests of their residents.

60.    Individual Defendants failed to issue proper orders and/or to make proper regulations regarding the care of residents at Berea Health and Rehabilitation.

61.    Individual Defendants hired improper persons and failed to hire enough trained persons creating risk of harm and actual harm to residents, including Leonard Horcher.

62.    Individual Defendants failed to properly supervise their employees creating risk of harm and actual harm to residents, including Leonard Horcher.

63.    Individual Defendants permitted or failed to prevent negligent or other tortious conduct by persons, whether or not their servants or agents, upon premises or instrumentalities under their control.

64.    Upon information and belief, Individual Defendants personally participated in all of the above-referenced failures and/or actions creating risk of harm and actual harm to residents.

65.    With regard to each of the foregoing acts of negligence, Individual Defendants were grossly negligent by acting with wanton or reckless disregard for the health and safety of Leonard Horcher.

66.    As a direct and proximate result of such gross negligence, Leonard Horcher suffered the injuries described herein. Plaintiff asserts a claim for judgment against Individual Defendants, for all compensatory and punitive damages, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT
## FACTUAL ALLEGATIONS

67.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-25 as if fully set forth herein.

68.    As administrator of Berea Health and Rehabilitation, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Leonard Horcher, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in

Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 et seq.

69.     As a holder of a nursing home administrator's license for Berea Health and Rehabilitation, LLC, Administrator Defendant was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

70.     Administrator Defendant was also responsible for the total management of Berea Health and Rehabilitation pursuant to federal law.

71.     Administrator Defendant's management responsibilities included ensuring that Berea Health and Rehabilitation operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

72.     Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychological wellbeing of each resident. The nursing facility, under the leadership of its administrator, is also required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations, and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached her duties of care to Leonard Horcher by failing to meet these requirements.

## **COUNT I – NEGLIGENCE**

73.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-25 and 67-72 as if fully set forth herein.

74.    As administrator of Berea Health and Rehabilitation, Administrator Defendant owed a duty to the residents of Berea Health and Rehabilitation, including Leonard Horcher, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

75.    Administrator Defendant breached her duties owed to the residents of Berea Health and Rehabilitation, including Leonard Horcher, during her tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides, and, as such, the nurses and nurses' aides were unable to provide Leonard Horcher the care he required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

    a)    Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Leonard Horcher:

        1)    received timely and accurate care assessments;

        2)    received prescribed treatment and medication;

        3)    received appropriate diet and nutrition;

        4)    received necessary supervision; and

        5)    received timely intervention due to significant changes in condition;

    b)    Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

    c)    Failure to ensure that Leonard Horcher was provided with basic and necessary care and supervision;

    d)    Failure to ensure that Leonard Horcher received care, treatment, and medication as prescribed or in accordance with physician's orders;

e)      Failure to ensure that Leonard Horcher attained and maintained his highest level of physical, mental, and psychosocial wellbeing;

f)      Failure to ensure that Leonard Horcher was treated with the dignity and respect that all nursing home residents are entitled to receive;

g)      Failure to provide a safe environment for Leonard Horcher;

h)      Failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

i)      Failure to discipline or terminate employees at the facility assigned to Leonard Horcher that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j)      Failure to adopt adequate guidelines, policies, and procedures for:

1)      investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2)      determining the cause of any such deficiencies, violations, or penalties;

3)      establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4)      determining whether the facility had sufficient numbers of personnel to meet the total needs of Leonard Horcher; and

5)      documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

k)      Failure to maintain all records on Leonard Horcher in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to his diagnosis, treatment, and appropriate care plans of care and treatment;

l)      Failure to inform the physician and family of significant changes in condition;

m) Failure to increase the number of personnel at the facility to ensure that Leonard Horcher received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n) Failure to ensure that staff provide Leonard Horcher with adequate and proper infection control measures, supervision, skin care, medication administration, and hygiene;

o) Failure to ensure that staff provided proper supervision, treatment, assessment, and monitoring of Leonard Horcher to prevent him from suffering the above-listed injuries;

p) Failure to ensure that staff administered and secured appropriate medical care for Leonard Horcher's above-listed injuries; and

q) Failure to increase the number of personnel at the facility to ensure that Leonard Horcher not suffer the above-listed failures.

76. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Leonard Horcher. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Leonard Horcher as to constitute gross negligence.

77. Additionally, Administrator Defendant failed to operate, manage, or administer Berea Health and Rehabilitation in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a) Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B, and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 et seq.;

b) Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the

minimum number of staff necessary to assist Leonard Horcher with his needs;

c)    Failure to ensure compliance with laws and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)    Failure to provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial wellbeing of Leonard Horcher, and in accordance with the comprehensive assessment and plan of care created at the facility;

e)    Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Leonard Horcher in accordance with the resident care plan generated at the facility;

f)    Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial wellbeing of Leonard Horcher;

g)    Failure to ensure a nursing care plan based on Leonard Horcher's problems and needs was established which contained measurable objectives and time tables to meet his medical, nursing, mental, and psychosocial needs as identified in his comprehensive assessment when Leonard Horcher's needs changed; and

h)    Failure to notify Leonard Horcher's family and physician of a need to alter his treatment significantly.

78.    Leonard Horcher was a member of a class intended to be protected by the above laws and regulations. The injuries alleged herein resulted from events the laws and regulations were designed to prevent.

79.    It was foreseeable that these breaches of statutory duties would result in serious injuries to Leonard Horcher. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Leonard Horcher as to constitute gross negligence.

80.    As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Leonard Horcher suffered the injuries described herein, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendant, including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## **DAMAGES**

81.    Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1-80 as if fully set forth herein.

82.    As a direct and proximate result of the negligence of Defendants as set out above, Leonard Horcher suffered injuries, including, but not limited to, those listed herein. As a result, Leonard Horcher incurred significant medical expenses and endured significant pain and suffering, embarrassment, physical impairment, and disfigurement.

83.    As a direct and proximate result of the negligence of Defendants as set out above, Leonard Horcher will continue to incur significant medical expenses and pain and suffering in the future.

84.    Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Janet Madden, as Power of Attorney for Leonard Horcher, incapacitated, prays for judgment against Defendants, Berea Healthcare, LLC a/k/a Berea Health and Rehabilitation, LLC; BAD Realty, LLC; Sentosacare, LLC; Valley Stream Operator I, LLC d/b/a Bluegrass Health Partners; Philipson Family Limited Liability Company; Benjamin Landa; Bent Philipson; and Leslee Kathlina, in her capacity as Administrator of Berea Health and Rehabilitation, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 11th day of August, 2023,

Janet Madden, as Power of Attorney for Leonard Horcher, incapacitated,

By:   */s/ Hannah R. Jamison*
Hannah R. Jamison, Esq.
hannah@circeolawfirm.com
**CIRCEO LAW FIRM, P.S.C.**
360 E. Vine St., Suite 110
P.O. Box 1807
Lexington, KY 40507
Phone: (859) 577-8993
Fax: (859) 785-5728
*Counsel for Plaintiff*